IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL WALKER JR., )
)
Plaintiff, )
)
v. ) NO. 3:11-cv-001234
) CHIEF JUDGE HAYNES
LT. FABISH, et al., )
)
Defendants. )

## MEMORANDUM

Plaintiff, Michael Walker, Jr., a state prisoner, filed this action under 42 U.S.C. § 1983 against the Defendants: Lt. Frank J. Fabish, Officer Tyrone Thompson and Officer James Brown, in their official and individual capacities. Plaintiff alleges violations of his Eighth Amendment right to be free from cruel and unusual punishment based upon his taser induced injuries inflicted by the Defendants.

Before the Court is Defendants' motion to dismiss for Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (Docket Entry No. 38). The Defendants contend that Plaintiff did not begin the prison grievance process until January 12, 2012, after he filed his complaint. (Docket Entry No. 52 at 2). On August 13, 2012, the Court ordered the parties to file any documents regarding Plaintiff's efforts to exhaust the administrative grievance procedures required under the PLRA. (Docket Entry No. 48).

### A. Analysis of the Motion

According to the complaint, on October 15, 2011, Defendants tasered Plaintiff and thereafter

1

refused appropriate medical treatment and caused him to endure "unbearable pain" and "two deep gashes" from the metal prongs of the taser. (Docket Entry No. 3, Plaintiff's Amended Complaint at 3). This Court reviewed the Plaintiff's complaint and found the Plaintiff stated a colorable claim under the Eighth Amendment of the United States Constitution on the basis of lack or delay of appropriate medical treatment for injuries sustained from the taser. (Docket Entry No. 5).

Two days after the alleged taser incident, on October 17, 2011, Plaintiff wrote a letter to the prison warden explaining the allegations and asking for redress. (Docket Entry No. 3, Plaintiff's Amended Complaint at 11). On November 28, 2011, Plaintiff submitted an information request to the warden about whether she was investigating the taser incident. Id. at 12. Plaintiff received a response that "[t]he above actions [were] being looked into and if true possible action [would] be taken." Id. Plaintiff alleges that he did not take steps to report his grievance through the state prison grievance procedures because "he [was] denied [the] right to utilize the grievance system" and instead wrote a letter to the warden explaining the incident. Id. at 3.

The Tennessee Department of Correction's ("TDOC") Administrative Policies and Procedures set out the Inmate Grievance Procedures in three Levels to give prison officials an opportunity to address inmate grievances. Tennessee Dept. of Corr., Policies & Procedure: Section 501.01, www.tennessee.gov/correction/policies/poly (last visited Aug. 29, 2012). The Level I grievance procedures are: (1) Grievance Form CR-1394 must be filed within seven calendar days of the event giving rise to the grievance; (2) The chairperson reviews the grievance, enters it, and forwards it to the supervisor of the department involved for a signed, written response on form CR-3148; (3) The chairperson writes a response on the CR-1394 following the receipt and review of the supervisor's response. There is a seven working day time limit on Level I procedures. Id.

2

The Level II grievance procedures are: (1) within five calendar days of the Level I response, the inmate may appeal to the grievance committee and warden; (2) a hearing is held within five days of filing the appeal; (3) within five days of the hearing the committee's proposed response is sent to the warden; (4) within seven working days the warden must forward his/her decision to the chairperson; (5) within five working days of receiving the warden's response the chairperson allows the inmate to review the responses; (6) the inmate may approve of the response and request a solution; (7) if the warden approves of the inmate's requested solution then the inmate may not appeal to Level III process. Id.

The Level III grievance procedures are: (1) inmate may appeal within five calendar days of the warden's response; (2) the chairperson forwards the grievance and documentation to the Assistant Commissioner of Operations; (3) within twenty-five calendar days of receipt, the Level III response is sent back to the chairperson who enters the final decision. The Level III response is final and not subject to appeal. Id.

Plaintiff's submissions reflect that his inmate grievance CR-1394 form was signed on January 10, 2012 and filed two days later. (Docket Entry No. 49 at 5). Thereafter, Plaintiff appealed the supervisor and chairperson's response that "no further action is recommended." Id. The inmate grievance committee then held a hearing and concurred with the supervisor's response. Id. at 3-4. The warden disagreed with the committee and the supervisor by noting "[t]his incident was investigated and could have been handled in a different manner." Id. at 4. Plaintiff appealed and on February 29, 2012, the TDOC Deputy Commissioner of Operations concurred with the warden and issued the final decision on the grievance that "[n]o further actions will be taken" and "any corrective action shall be handled at the institutional level." Id. at 2, 4.

3

## B. Conclusions of Law.

The PLRA provides "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of remedies is mandatory, Jones v. Bock, 549 U.S. 199, 211 (2007), and the prisoner must follow "critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 95 (2006), "including time limitations." Rishee v. Fappin, 639 F.3d 236, 240 (6th Cir. 2011). Yet, " courts may overlook procedural defaults if the prisoner 'did not attempt to bypass the administrative grievance process [and] affirmatively endeavored to comply with it.'" Brooks v. Silva, No. 7:08-CV-105-KKC, 2012 WL 3637832, at *3 (E.D. Ky. Aug. 23, 2012) (quoting Rishee, 639 F.3d at 240). Under the PLRA, exhaustion of administrative remedies is required before filing the lawsuit; "[t]he prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) (abrogated on other grounds by Jones, 549 U.S. at 216).

Plaintiff filed his original complaint on December 28, 2011 and his amended complaint on January 9, 2012. See (Docket Entry Nos. 1, 3). Plaintiff's filing pursuant to the Court's Order, reflects that on January 10, 2012, Plaintiff initiated his grievance filing through the TDOC's prison inmate grievance process. (Docket Entry No. 49). This action was taken outside of the seven day window for filing a grievance under the administrative policies and procedures and one day after Plaintiff filed his amended complaint. Plaintiff's documents also reflect completion of inmate grievance procedures as of February 29, 2012, fifty-two days after filing his amended complaint. Id. Although Plaintiff informed the warden of the taser incident, the TDOC grievance process is a

4

multi-level course of action. Plaintiff's delayed filing of his grievance did not provide "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones, 549 U.S. at 204. Therefore, Plaintiff failed to comply with the PLRA's requirement of exhausting administrative remedies before filing his complaint.

For the these reasons, the Court concludes that Plaintiff's claim should be dismissed without prejudice for failure to exhaust his administrative remedies before filing his claim in federal court pursuant to 42 U.S.C. 1997e(a).

An appropriate Order is filed herewith.

**ENTERED** this _10_ day of September, 2012.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

5